# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : 3:17-CR-77 |
| | : 3:17-CR-201 |
| HECTOR DELACRUZ, | : (JUDGE MARIANI) |
| Defendant. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION & PROCEDURAL BACKGROUND

Defendant, Hector Delacruz, is presently facing two sets of federal charges under two separate indictments. On March 28, 2017, a indictment was filed in case number 3:17-CR-77 which charged Defendant with conspiracy to distribute 100 grams and more of heroin in violation of 21 U.S.C. § 846. (3:17-CR-77, Doc. 1). Defendant was eventually arrested on these charges in New York City. After being transferred from the Southern District of New York to the Middle District of Pennsylvania, Defendant was arraigned before Magistrate Judge Saporito on June 23, 2017. At that time, he waived his right to a detention hearing and was ordered detained pending trial.

On July 11, 2017, a second indictment was filed in case number 3:17-CR-201, which charged Defendant with possession with intent to distribute, and conspiracy to distribute, 100 grams and more of heroin, 28 grams and more of cocaine base, and unspecified amounts of cocaine, marijuana, and fentanyl in violation of 21 U.S.C. §§ 841, 846. (3:17-CR-201, Doc. 1). On August 10, 2017, Defendant was arraigned on the second indictment

before Magistrate Judge Mehalchick. A detention hearing was held the same day and Magistrate Judge Mehalchick ordered Defendant detained pending trial. Nevertheless, the Dentition Order specified that "should the Defendant present to the Court a verifiable home confinement plan so that he can continue with his education as discussed in Court at today's hearing, the Court may consider release with stringent supervision and conditions." (3:17-CR-201, Doc. 10 at 3).

On September 1, 2017, Defendant filed a Motion for Bail in case number 3:17-CR-77. Thereafter, on September 5, 2017, Defendant filed a Motion to Review Detention in case number 3:17-CR-201. After a hearing was held on both motions on September 11, 2017, Magistrate Judge Mehalchick ordered Defendant's continued detention. Finally, on November 28, 2017, Defendant filed motions in both cases asking this Court to overturn Magistrate Judge Mehalchick's Detention Order and set conditions for Defendant's release. (3:17-CR-77, Doc. 112; 3:17-CR-201, Doc. 35). On March 28, 2018, the Court held a hearing on the motions pursuant to 18 U.S.C. § 3142(f). For the reasons that follow, the Court will deny Defendant's Motions.

## II. FINDINGS OF FACTS

For the purposes of resolving Defendant's present motions, the Court finds the following facts:

Defendant is a twenty-eight year old male who was born in the Dominican Republic and came to the United States when he was one year old. After coming to the United

2

States, he became a citizen and has lived most of his life in New York City. In 2007, he joined the Navy and served two tours of duty, one in Iraq/Afghanistan and one in South America. In 2010, Defendant was honorably discharged from the Navy. He then obtained a bachelor's degree from Manhattan College. Defendant's employment history is, at best, sporadic. He currently has a wife in the Dominican Republic, but asserts that they are separated.

On December 4, 2015, a search warrant was executed at 50 North Bennett Court in Hazleton, Pennsylvania. Defendant was found in the house along with over 100 grams each of heroin, cocaine, crack cocaine, and marijuana. Police also recovered 2.5 grams of fentanyl, two electronic scales, assorted packaging materials, and a jacket that contained over 200 grams of cocaine along with various documents belonging to Defendant. Defendant was arrested and charged in Luzerne County with drug trafficking offenses.[1]

Defendant was released from pretrial custody sometime in February of 2016 after his stepfather posted $10,000 in bail on Defendant's behalf. Thereafter, on multiple occasions in November and December of 2016, Defendant's phone calls were intercepted on a wiretap that the Pennsylvania State Police were using to investigate a drug trafficking network. During these intercepted calls, Defendant placed orders for quantities of narcotics. These intercepts form the basis of the charges against Defendant in case number 3:17-CR-77.

---

[1] These state charges were eventually dropped in favor of the federal charges that form the basis of the indictment in case number 3:17-CR-201.

In December of 2016, police officers attempted to serve Defendant with a notice of an upcoming court appearance in Luzerne County. The police went to the last address that Defendant had provided the Court, 441 East 6th Street, Hazleton, Pennsylvania, but were told by the individuals residing there that Defendant had moved out months earlier. On January 3, 2017, Defendant failed to appear for a court date in Luzerne County. An arrest warrant was issued. Defendant was arrested in May or June of 2017 in New York City after being stopped for a traffic violation.

### III. STANDARD OF REVIEW

This Court may review a Magistrate Judge's detention order pursuant to 18 U.S.C. § 3145(b). In reviewing a detention order, a district court must "mak[e] an independent determination of [a defendant]'s eligibility for release on bail." *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). After conducting a hearing, a district court should order the detention of a defendant before trial if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The Government bears the burden of proof and must show by clear and convincing evidence that the defendant is a risk to the community or by a preponderance of the evidence that the defendant is a flight risk. *United States v. Himler*, 797 F.2d 156, 160-61 (3d Cir. 1986).

In making a determination of whether a defendant is entitled to pretrial release under § 3142(e)(1), a district court should consider the following factors:

4

> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> **(2)** the weight of the evidence against the person;
>
> **(3)** the history and characteristics of the person, including—
>
>> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g). Finally, in cases where "there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq.*)" there is a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A). To overcome this presumption, "[t]he defendant must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986). Nevertheless, even

5

though § 3142(e)(3) shifts the burden of production onto the defendant, the burden of persuasion "remain[s] always with the government." *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986).

### IV. DISCUSSION

As Defendant has been charged with violations of the Controlled Substances Act that carry maximum terms of imprisonment of ten years or more, there is a rebuttable presumption under 18 U.S.C. § 3142(e)(3)(A) in favor of detention. After holding a hearing and reviewing all the evidence presented, the Court finds that Defendant has failed to rebut this presumption. Specifically, for the reasons discussed more fully below, the Court finds that there are no conditions or combination of conditions that will reasonably assure the safety of the community.

At the hearing on Defendant's Motions, Defendant's counsel argued that Defendant's family ties, prior military service, education, and lack of a criminal history should overcome the presumption in favor of detention. The Court, however, finds that this evidence is overshadowed when balanced against the other evidence in the record that bears on the factors enumerated in 18 U.S.C. § 3142(g).

With respect to the nature and circumstances of the offense charged, Defendant has been charged in two separate indictments with crimes involving controlled substances. The second indictment in particular charges Defendant with possession and intent to distribute multiple controlled substances including heroin, cocaine, crack cocaine, fentanyl and

6

marijuana. Further, regarding these charges, the weight of the evidence is strong. Defendant was arrested in a house that contained large quantities of controlled substances. The house also contained paraphernalia for packaging those drugs for sale. A number of Defendant's documents were found in a jacket along with over 200 grams of cocaine. Finally, Defendant was intercepted on a wiretap ordering quantities of heroin.

With respect to the history and characteristics of Defendant, while his military service, education, and lack of criminal history certainly work in his favor, these factors are overcome by the fact that Defendant has no ties to the Middle District of Pennsylvania, has ties to a foreign country,[2] has previously absconded on bail, has missed a prior court date which resulted in an arrest warrant being issued, and, most importantly, is charged with committing drug trafficking crimes while out on pretrial release for a drug trafficking offense. Although Defendant has provided explanations for some of this conduct, the Court has not found Defendant to be a credible witness. Indeed, in addition to the multiple inconsistencies and contradictions that appeared in Defendant's testimony, Defendant spent more time explaining the answers he was giving—or explaining answers he had given at prior hearings—rather than answering the questions posed in a straightforward and honest fashion.

---

[2] Defendant's Counsel argues that, while out on pretrial release on the initial charges, Defendant went to the Dominican Republic and voluntarily returned to face the pending charges. Nevertheless, as the Government points out, at the time of Defendant's return to the United States, Defendant was facing only state charges which—unlike the federal charges now pending—did not carry any mandatory minimum sentences.

Finally, with respect to the nature and seriousness of the danger posed to the community if Defendant was released, the Court finds that Defendant presents a very real danger to the community. "Safety of the community is implicated not only by violence, but also by narcotics trafficking. In cases involving the instant drug offenses, the danger to the community is the likelihood that the defendant will, if released, traffic in illicit drugs." *United States v. Gibson*, 481 F. Supp. 2d 419, 422 (W.D. Pa. 2007). As discussed above, the Government has proffered evidence that Defendant was intercepted on a wiretap ordering narcotics while he was on pretrial release in Luzerne County for drug trafficking crimes. Therefore, the Court finds that the danger that Defendant will engage in narcotics trafficking if he is released pending trial is high.

Accordingly, the Court finds that Defendant has failed to rebut the presumption in favor of detention and that there are no conditions or combination of conditions that will reasonably assure the safety of the community if Defendant was released pending trial.

### V. CONCLUSION

For the reasons outlined above, this Court will deny Defendant's Motions for Pretrial Release. A separate Order follows.

Robert D. Mariani
United States District Judge